**El Hadj Oumar DIA, Petitioner,**

v.

**Michael B. MUKASEY, U.S. Attorney General,[1] Respondent.**

No. 06–3595–ag.

United States Court of Appeals, Second Circuit.

March 4, 2008.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

El Hadj Oumar Dia, Pro se, Petitioner.

Peter D. Keisler, Assistant Attorney General; Cindy S. Ferrier, Senior Litigation Counsel; Kohsei Ugumori, Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. WALKER, Hon. ROSEMARY S. POOLER and Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Petitioner El Hadj Oumar Dia, a native and citizen of Mauritania, seeks review of a July 7, 2006 order of the BIA affirming the March 1, 2005 decision of Immigration Judge ("IJ") Brigitte LaForest denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Dia*, No. A 79 561 356 (B.I.A. July 7, 2006), *aff'g* No. A 79 561 356 (Immig. Ct. N.Y. City, Mar. 1, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 305 (2d Cir.2007). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *See Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 406 (2d Cir.2005).

■ As a preliminary matter, we lack jurisdiction to review the pretermission of Dia's asylum application. *See* 8 U.S.C. § 1158(a)(3). Although we retain jurisdiction to review constitutional claims or questions of law, Dia's argument he testified consistently and specifically as to his flight from Mauritania to Senegal does not present a question of law. Instead, it is a challenge to the IJ's factual determination regarding his date of arrival and whether he applied for asylum within one year of that date. We lack jurisdiction to review such arguments and dismiss the petition for review to that extent. *See* 8 U.S.C. § 1158(a)(3); *Xiao Ji Chen v. U.S. Dept. of Justice*, 471 F.3d 315, 328–29 (2d Cir.2006).

■ As to Dia's challenge to the agency's denial of his application for withholding of removal and CAT relief, substantial evidence supports the agency's adverse credibility determination. We afford substantial deference to demeanor—related findings. *See Majidi v. Gonzales*, 430 F.3d 77, 81 n. 1 (2d Cir.2005). Likewise, the record reflects the IJ's observation that Dia failed to testify to any specifics regarding his or his father's political activities, such as the name of the political organizations to which they belonged, despite being asked to do so repeatedly. Ad-

ditionally, the IJ accurately observed an inconsistency between Dia's testimony that he was arrested due to his membership in a political organization and his statement in his I–589 application that he was arrested due to a "querell [sic] with a white moor." That inconsistency was substantial when measured against the record as a whole. *See Secaida–Rosales v. INS,* 331 F.3d 297, 308–09 (2d Cir.2003).

Because the only evidence of a threat to Dia's life or freedom depended upon his credibility, the adverse credibility determination in this case precludes success on Dia's claims for both withholding of removal and CAT relief, which were based on the same alleged facts. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir. 2006); *Xue Hong Yang v. U.S. Dept. of Justice,* 426 F.3d 520, 523 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED in part and DISMISSED in part. The pending motion for a stay of removal in this petition is DISMISSED as moot.